UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRIS LAMB, | ) | 1:07-CV-00317 OWW DLB HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | REQUEST FOR STAY AND ABEYANCE |
| v. | ) | |
| | ) | [Doc. #1] |
| JAMES A. YATES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented in this action by Eric S. Multhaup, Esq.

On February 27, 2007, Petitioner filed the instant Petition for Writ of Habeas Corpus. In it, Petitioner has raised thirteen grounds for relief. It appears only the first two claims are exhausted. Petitioner concedes the majority of his claims are unexhausted, and he states he has commenced exhaustion of these claims in the state courts. Petitioner requests the action be stayed and the petition be held in abeyance pending exhaustion.

**DISCUSSION**

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d

981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the Court finds good cause to excuse Petitioner's failure. Nearly all of Petitioner's unexhausted grounds are claims of ineffective assistance of counsel, and the California Supreme Court has expressed a preference for resolving such claims in a petition for writ of habeas corpus rather than on direct appeal. See People v. Pope, 23 Cal.3d 412 (1979). However, the Court does not have sufficient information to determine whether the instant petition is timely and takes no position on this issue at this time.

Therefore, the Court will grant a stay of the proceedings. However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at 277. Petitioner must inform the Court no later than thirty (30) days after the date of service of this order the cases that have been filed in state court, the date any cases were filed, and any outcomes.[1]  Further, Petitioner must proceed diligently to pursue his state court remedies and must file a new status report every thirty (90) days thereafter as to the status of the state court proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days to file a motion for leave to amend the petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Rhines, 544 U.S. at 278.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the petition and hold the exhausted claims in abeyance is

---

[1] The filing should be titled: "Status Report."

1  GRANTED;

2   2. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

3   3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service
4  of this order advising the court of the cases that have been filed in state court, the date the cases were
5  filed, and any outcomes;

6   4. Petitioner is DIRECTED to file a new status report every ninety (90) days after filing his
7  initial status report; and

8   5. Petitioner is GRANTED thirty (30) days time following the final order of the state courts
9  in which to file a final status report.

11   IT IS SO ORDERED.

12   Dated:   **May 8, 2007**          /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE