# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LAMB, | 1:07-cv-00317 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| JAMES YATES, Warden, | [Doc. 4] |
| Respondent. | |

     Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is represented by Eric S. Multhaup, Esq.

     Petitioner filed the instant petition for writ of habeas corpus on February 27, 2007.  On May 8, 2007, the Court granted Petitioner's request for stay and abeyance. (Court Doc. 4.)  Pursuant to that order, Petitioner was directed to file an initial status report within thirty (30) days from the date of service, and every ninety (90) days thereafter.  (Id.)

     Petitioner filed an initial status report on June 2, 2007.  However, ninety (90) days have passed, and Petitioner has failed to file a further status report.  Accordingly, dismissal of the action for failure to comply with a court order is warranted.

     Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions

1  including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d
2  829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's
3  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
4  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
5  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
6  comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833
7  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).
8       In determining whether to dismiss an action for lack of prosecution, the Court must
9  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
10 Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
11 policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
12 alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
13 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving
14 this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
15 case has been pending since February 27, 2007.  The Court cannot hold this case in abeyance
16 indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to
17 Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the
18 occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,
19 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
20 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,
21 given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.
22      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
23 Petitioner's failure to prosecute.  This Findings and Recommendation will be submitted to the
24 United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. §
25 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court,
26 Eastern District of California.  Within thirty (30) days after being served with a copy, any party
27 may file written objections with the court and serve a copy on all parties.  Such a document
28 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

1 Replies to the objections shall be served and filed within ten (10) court days (plus three days if
2 served by mail) after service of the objections.  The Court will then review the Magistrate
3 Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
4 to file objections within the specified time may waive the right to appeal the District Court's
5 order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7      IT IS SO ORDERED.
8      **Dated:      October 3, 2007**                              **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE