# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LAMB,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JAMES YATES, Warden,<br><br>　　　　　Respondent.<br>_____/ | 1:07-cv-00317 OWW DLB HC<br><br>SECOND ORDER TO SHOW CAUSE WHY STAY AND ABEYANCE SHOULD NOT BE LIFTED AND SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH A COURT ORDER |

　　　　Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is represented by Eric S. Multhaup, Esq.

　　　　Petitioner filed the instant petition for writ of habeas corpus on February 27, 2007.  On May 8, 2007, the Court granted Petitioner's request to stay and hold the petition in abeyance pending exhaustion of state court remedies. (Court Doc. 4.)  Petitioner was directed to file an initial status within thirty days from the date of service of that order, and a new status report every ninety (90) days thereafter.  (Id.)  Petitioner filed an initial status on June 2, 2007; however, a further status report was not filed within ninety days thereafter.  Accordingly, on October 4, 2007, the Court issued Findings and Recommendations to dismiss the instant petition for failure to comply with a court order.  (Court Doc. 6.)

　　　　On November 1, 2007, Petitioner filed objections to the Findings and Recommendations, along with a further status report.  (Court Docs. 7, 8.)  In his objections, Petitioner's counsel apologized for not calendaring the status report on a 90-day cycle, and for failing the file a status

report on September 1, 2007. (Objections, at 2.) Counsel declared that the error was inadvertent and not the result of willful noncompliance with the Court's May 8, 2007, order. (Id.)

On November 5, 2007, the Court vacated the Findings and Recommendation based on counsel's contentions in his declaration and allowed the stay and abeyance to remain in full force and effect. (Court Doc. 9.) Thereafter, Petitioner filed status reports on February 1, 2008 and May 10, 2008. (Court Docs. 10, 11.) Although in the latter filing, Petitioner indicated that the petition for writ of habeas corpus was filed in the California Supreme Court on April 28, 2008, and a ruling was anticipated within 180 days, Petitioner was ordered to file a status report every ninety (90) days and Petitioner has yet again failed to file the report with the Court.

Local Rule 11-110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Within **twenty (20)** days from the date of service of this order, Petitioner is directed to show cause why the stay and abeyance should not be vacated and sanctions should not be imposed for failure to comply with this Court's order.

IT IS SO ORDERED.

Dated:   **August 25, 2008**            /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE